**UNITED STATES DISTRICT COURT FILED/REC'D**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION** 2025 APR 21 P 2: 59

|  |  |  |
|---|---|---|
| STEPHEN LUSH, *PRO SE,* | ) | CLERK OF COURT |
| PLAINTIFF | ) | U.S. DISTRICT COURT |
|  | ) | WD OF WI |
|  | ) | Case No. _____ |
| vs. | ) |  |
|  | ) | Complaint and Request for Injunction |
| DIANE SCHLIPPER, | ) |  |
| DEFENDANT | ) | 25-cv-488-wmc |

## COMPLAINT AND REQUEST FOR INJUNCTION

I.    The Parties to This Complaint

    A.  The Plaintiff:

| | |
|---|---|
| Name: | STEPHEN LUSH |
| Address: | POST OFFICE BOX 260017 |
| | UNIVERSITY STATION |
| | MADISON, WISCONSIN  53726-0017 |
| Telephone Number: | (608) 400-3240 |
| E-mail Address: | StephenLush2@Gmail.COM |

    B.  The Defendant:

| | |
|---|---|
| Name: | DIANE SCHLIPPER |
| Address: | 215 SOUTH HAMILTON STREET, ROOM 4105 |
| | DANE COUNTY COURTHOUSE |
| | MADISON, WISCONSIN  53703 |
| Telephone Number: | (608) 266-4235 |
| E-mail Address: | UNKNOWN |

II.    Basis for Jurisdiction

The basis for Federal court jurisdiction is Federal question.

The relevant laws applied in this case are 42 U.S.C. § 1983, and U.S. Const. amends. V & XIV, § 1.  *See also* Wis. Const. art. I, §§ 4 & 9.

III.    Statement of Claim

    A.  The events giving rise to my claim occurred at Dane County Circuit Court, 215 South Hamilton Street, Madison, Wisconsin 53703.

B. The approximate date and time the events giving rise to my claim occurred March 25, 2025.

C. The facts are as follows:

i. I, the Plaintiff, STEPHEN LUSH, went to his courthouse, and filed a tort claim for defamation, slander *per se*, for a false rape accusation by Ms. Melanie Stibick, with a battery claim, for transmission of a sexually transmitted infection, which is alleged she had reason to be aware.

ii. The Defendant, DIANE SCHLIPPER, refuses redress on the claim, for which a jury has been demanded. She cited a record, for which she was not privy, for which Plaintiff knows a court clerk was prostituted by Circuit Judge Rhonda Lancer Lanford. The facts to that are not in dispute. There was no hearing, or jury impaneled, to rule on the issue of fact of the criminal act of the court clerk, which is required under law, likely due to the judicial misbehavior of Rhonda Lanford. U.S. Const. art. III, § 2, cl. 3.

iii. The Defendant, DIANE SCHLIPPER, continued by saying Plaintiff, though a firsthand witness to all the facts on his complaint, refused, *Group File of William Stephen Lush, II*, No. 2025-GF-25000 (Wis. Cir. Ct. Dane Cnty. Mar. 25, 2025) (Schlipper, J.), cannot affirmatively say what Plaintiff himself witnessed, without any affidavit or contradictory set of facts, by which the Defendant could possibly state to refute the allegations against a party for which she has nothing to do. It is impossible.

iv. Plaintiff, STEPHEN LUSH, has now, as a result of what is the false allegation by Defendant, DIANE SCHLIPPER, averring he lies, or does not tell the absolute truth, defames Plaintiff. She calls him a liar, without, again, any evidence to the contrary for which Defendant, DIANE SCHLIPPER, can be believed. She does so with malice aforethought, as she knows he has filed a complaint for reimbursement for constructive eviction, which would save him from being destitute, on the streets, as his waiver of court fees for indigency are a matter of public record in Dane County Circuit Court.

v. Plaintiff, STEPHEN LUSH, is now denied any and all filings with the same, Dane County Circuit Court, as of Mar. 25, 2025. This will result in Plaintiff using the Federal Western District of Wisconsin District Court, to obtain redress in all complaints, for it can hear matters of tort law, which the local circuit court refuses. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 71, 78, 79 (1938). It refuses without adequate legal reasoning, and relies upon hearsay, the order by Rhonda Lanford, who has been reported to the United States Supreme Court for whoring her clerk out.

IV.   Irreparable Injury

   A. Plaintiff cannot use Dane County Circuit Court, whatsoever, though no one, contrary to Diane Schlipper's order, is bothered by his complaints, and he, Plaintiff, STEPHEN LUSH, is the victim of numerous torts. They include, but are not limited to, malpractice, several violent batteries, attempted or actual, slanderous injuries to his reputation, with and without malice, meaning threatened arrest, several financial and medical information breaches of privacy, inviolation of criminal banking law and criminal statutes of HIPAA, as well as state law, conversion, for in other words, theft of his personal property by housemaids or his former landlady, and last but not least, her, Ms. Melanie Stibick's constructive eviction, for which requires Plaintiff to pay exorbitant rates of lodging and dine out often, due to her false allegations of rape, and refusal to honor a simple lease agreement, which now, Defendant, DIANE SCHLIPPER, supports, by refusing to enforce, by way of her unsubstantiated order, dated March 25, 2025. 42 U.S.C. § 1983. It is known her motive is to claim an individual holding a degree in law is immune, or automatically wins all lawsuits, the same as the Honorable Rhonda Lanford, who was filed against in *Lush v. Lanford*, No. 3:23-cv-00503 (W.D. Wis. Sept. 1, 2023) (Conley, J.), but refused service without addressing the facts or heart of the case.

V.   Relief

   A. The Plaintiff, STEPHEN LUSH, demands relief in the form of an injunction ordering Defendant, DIANE SCHLIPPER, to let him use his own county courthouse, to file simple pleadings, most small claims, against tortfeasors and others who have generally wronged him, as allowed by all citizens in Dane County, State of Wisconsin, United States of America.

   B. Plaintiff, STEPHEN LUSH, makes a tort claim against Ms. Diane Schlipper, for personal injury to his reputation, for she has express malice in her order, as it is an opinion without basis, and has the repercussion of allowing prevention of all torts or harms against him. If it serves the honorable court, Plaintiff is in a present state of homelessness, and is constantly harassed by contacts by Ms. Amy Christine Strunk, even while not living at 49 North Lakewood Gardens Lane, Madison, Wisconsin 53704, thus, due to Defendant's illegal order, Plaintiff cannot obtain injunctive relief or temporary restraining order against a person who has had a person in the State of Tennessee threaten his life, for threatening to interrupt Ms. Strunk's drug business out of Ms. Stibick's basement. This threat of interruption to Ms. Strunk's business is the cause of Ms. Stibick allowing a false complaint for a restraining order, which Defendant, DIANE SCHLIPPER, was the adjudicator, and is the proximate cause of Plaintiff's constructive eviction by Madison Police Department, after they drove Plaintiff to Dane County Sheriff's Office, and they served the complaint. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570

U.S. 338 (2013), *Rodgers v. Bromac Title Svcs., L.L.C.*, 755 F.3d 347 (5th Cir. 2014), and *Anderson v. Minneapolis, St. Paul & Sault Ste. Marie Railway*, 179 N.W. 45, 146 Minn. 430 (1920).  Dane County Sheriff's Office acknowledged the complaint served for the temporary restraining order is false, and Madison Police enforced it, anyway.  Plaintiff DEMANDS $500 (five-hundred dollars and no cents).


VI.    Jury Demand

Plaintiff demands a jury.  U.S. Const. amend. VII.


Dated:  April 14, 2025


Stephen Lush, *PRO SE*
Post Office Box 260017
Madison, Wisconsin  53726-0017
(608) 400-3240
StephenLush2@Gmail.COM